UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXIS ALBERT; and MAY ANN HUDGINS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs<br><br>v.<br><br>AMERICAN SOCIETY OF HEALTH-SYTEM PHARMACISTS, INC., et al.,<br><br>Defendants. | Civil Action No. 8:25-cv-00673-LKG |

**NOTICE OF INTENT TO FILE MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL**

**A. Introduction**

Each of the above-captioned actions allege antitrust claims arising from a conspiracy among the major employers of pharmacy residents and two organizations that facilitate and orchestrate the conspiracy. Plaintiffs in each action allege that Defendant American Society of Health-System Pharmacists, Inc. ("ASHP") sponsors and operates a system called the ASHP Resident Matching Program (the "ASHP Match"). They allege that the ASHP Match is an anticompetitive agreement between virtually every employer of pharmacy residents in the United States which has the purpose and effect of stabilizing, fixing, and suppressing the wages and other employment benefits received by pharmacy residents.

Pursuant to the Case Management Order entered by the Court (ECF No. 8), Plaintiffs write to respectfully (1) provide the Court notice of their intent to file a motion to consolidate the above-captions action with a related case pursuant to Federal Rule of Civil Procedure 42(a) and to appoint interim class counsel pursuant, and (2) request the Court set a Pre-Motion Conference. Given the considerable factual and legal overlap between the two actions, consolidation and appointment of interim class counsel will protect the interests of the proposed Class, serve the interests of judicial economy, and fulfil Rule 1's objective of ensuring "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**B. Background**

On February 28, 2025, Plaintiffs Alexis Albert and May Ann Hudgins filed a class action, *Albert v. ASHP, et. al*, Civil Action No. 8:25-cv-00673, in the United States District Court for the District of Maryland (the "*Albert* Action"), where it was assigned to this Court. The *Albert* Action describes a series of agreements entered by nearly every employer of resident pharmacists in connection with the ASHP Match. Through these agreements, the employers sharply limit

competition in the recruitment, hiring, employment, and compensation of pharmacy residents. These limitations artificially suppress the wages and employment benefits received by pharmacy residents. Plaintiffs in the *Albert* Action assert two causes of action for under the Sherman Antitrust Act, 15 U.S.C. § 1, one for illegal agreements in restraint of trade, and another for illegal exchange of competitively-sensitive information.

On March 4, 2025, Plaintiff June Kim filed a similar class action, *Kim v. ASHP et. al*, Civil Action No. 8:25-cv-00708-DLB, in the United States District Court for the District of Maryland (the "*Kim* Action"). The *Kim* Action was initially assigned to Judge Boardman, but was reassigned to this Court on March 6, 2025. The *Kim* Action names a few different defendants, but arises from substantially the same set of facts as the *Albert* Action and asserts essentially the same claims under the Sherman Antitrust Act, 15 U.S.C. § 1. The *Kim* Action was marked as related to the *Albert* Action. *Kim* Action, ECF No. 2.

Following conferrals between Plaintiffs' counsel in both Actions, Plaintiffs now respectfully provide notice to the Court of their intent to file a motion to consolidate the *Albert* and *Kim* Actions pursuant to Federal Rule of Civil Procedure 42(a) and to appoint interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). Plaintiffs urge the Court to grant the motion to protect the interests of the proposed Class and serve the interests of judicial economy.

C. <u>Argument</u>

**1. The *Albert* and *Kim* Actions Should Be Consolidated Pursuant to Rule 42(a)**

The *Albert* and *Kim* Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a). Under Rule 42(a), a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). Factors weighing in favor of consolidation include common questions of law and fact, alleviation of burdens on the parties and the court, and actions pending at a common stage of. *See Erie Ins. Co. v. Bluegrass Materials Co., LLC*, No. CV JKB-21-02562, 2022 WL 562937, at *3 (D. Md. Feb. 24, 2022). Each factor supports consolidation here.

First, the two Actions involve common questions of law and fact. Each is brought against Defendant ASHP, Defendant National Matching Services, Inc., and a consortium of employers of pharmacy residents. Both assert the same claims under the Sherman Act, 15 U.S.C. § 1. Questions of law and fact common to each, include, *inter alia*, (i) whether the defendants entered into the alleged agreements, (ii) how the matching algorithm operates, (iii) whether Plaintiffs and the proposed Class members were harmed, and (iv) the proper method for calculating damages. *See, e.g.*, *Harris v. Biomet Orthopedics, LLC*, No. CV ELH-17-747, 2019 WL 6117358, at *8 (D. Md. Nov. 18, 2019).

Second, consolidation would alleviate burdens on the parties and the Court. For the parties, a consolidated proceeding would streamline discovery on the common legal and factual questions. Once consolidated, Plaintiffs could move for leave to file a consolidated amended complaint,

2

which would further streamline discovery, briefing, and trial burdens faced by both the Court and the parties alike. *See Erie Ins. Co.*, 2022 WL 562937 at *3 ("consolidation would likely alleviate substantial burdens on the parties compared to parallel litigation").

Third, both Actions are in the same early stage of litigation. No briefing or discovery has occurred in either. Significant efficiency benefits stand to be gained by both the parties and the Court through consolidation given this early position. *See Rogers v. Dep't of Pub. Safety & Corr. Servs.*, No. CV JKB-19-3090, 2020 WL 298139, at *3 (D. Md. Jan. 21, 2020). In sum, consolidating the cases would both serve the interests of justice and promote judicial efficiency.

### 2. Scott+Scott and Hedin LLP Should Be Appointed Interim Co-Lead Counsel Pursuant to Rule 23(G)

The Court should appoint Scott+Scott and Hedin LLP as interim class counsel. Federal Rule of Civil Procedure 23(g)(3) provides, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designation of interim class counsel is appropriate where "necessary to protect the interests of the putative class" and is "particularly necessary when there may be rivalry or uncertainty between counsel as to who should be appointed lead counsel." *Pam Kagan Mktg. Inc. v. Navisite, Inc.*, No. CV WDQ-07-3094, 2008 WL 11509445, at *4 (D. Md. May 21, 2008) (citing Rule 23 Advisory Committee Notes, 1998 Amendments). Here, there are multiple cases pending, and Plaintiffs' counsel in each Action is willing to pursue a consolidated case cooperatively, are experienced in class action litigation, have the resources to prosecute the claims, and their appointment as interim co-lead counsel will protect the interests of the Class.

### D. Conference Between the Parties

Service of process is currently ongoing, and no defendant has appeared. However, Plaintiffs' counsel has heard from counsel for Defendants ASHP, Johns Hopkins Hospital, and Allegheny General Hospital regarding waivers of service and related subjects. Counsel for each of those three defendants has indicated that their clients will not oppose Plaintiffs' forthcoming motion to consolidate and appoint interim class counsel.

### E. Conclusion

Consolidation and appointment of lead counsel will promote judicial efficiency and the speedy resolution of the claims asserted in the Actions, and protect the interests of Plaintiffs and class members. Accordingly, Plaintiffs respect request the Court to set a Pre-Motion conference at its earliest convenience.

Dated: March 14, 2025    Respectfully submitted,

/s/ Stuart A. Berman
Stuart A. Berman #08489
Stanley J. Reed #00315
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue, Suite 700
Bethesda, MD 20814
Telephone: (301) 657-0729
saberman@lerchearly.com
sjreed@lerchearly.com

Frank S. Hedin*
Hedin LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
fhedin@hedinllp.com

Tyler K. Somes (*pro hac vice*)
Hedin LLP
1100 15th Street NW, Ste 04-108
Washington, D.C. 20005
Telephone: (202) 900-3331
tsomes@hedinllp.com

* Pro Hac Vice Application Forthcoming

*Counsel for Plaintiffs and the Putative Class*