## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ALEXIS ALBERT; and MAY ANN
HUDGINS, *individually and on behalf of all
others similarly situated*,

        Plaintiffs

v.

AMERICAN SOCIETY OF HEALTH-
SYSTEM PHARMACISTS, INC., et al.,

        Defendants.

Consolidated Docket No. 8:25-cv-
00673-LKG

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
## APPOINT HEDIN LLP AND SCOTT+SCOTT ATTORNEYS AT LAW LLP AS
## INTERIM CO-LEAD COUNSEL AND LERCH, EARLY & BREWER, CHTD. AS
## <u>INTERIM LIAISON COUNSEL</u>

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ...............................................................................................................1

BACKGROUND .................................................................................................................2

ARGUMENT .......................................................................................................................3

I.      HEDIN LLP AND SCOTT+SCOTT ATTORNEYS AT LAW
          LLP SHOULD BE APPOINTED INTERIM CO-LEAD
          COUNSEL PURSUANT TO RULE 23(G) ..................................................................4

      A.  Proposed Interim Co-Lead Counsel Have Expended Significant Time
          and Resources Investigating and Pursuing Plaintiffs' Claims
          and Will Continue to Do So .................................................................................5

      B.  Proposed Interim Co-Lead Counsel Have Extensive Experience in
          Class Action and Antitrust Litigation and Know the Applicable Law ..................8

      C.  Proposed Interim Co-Lead Counsel Have the Resources Necessary
          to Effectively Prosecute the Plaintiffs' Claims ...................................................13

      D.  Additional Factors Favor Appointing Proposed Co-Lead Counsel .....................14

      E.  Proposed Duties and Responsibilities for Interim Co-Lead Counsel ..................15

II.     LERCH EARLY SHOULD BE APPOINTED INTERIM
          LIASON COUNSEL .................................................................................................16

CONCLUSION..................................................................................................................17

CERTIFICATE OF SERVICE .........................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Cases

*Adventist Health Sys. Sunbelt Healthcare Corp. v. Multiplan, Inc.*,
No. 1:23-cv-07031 (S.D.N.Y.) ........................................................................10

*Alaska Electrical Pension Fund v. Bank of Am. Corp.*,
No. 14-cv-07126 (S.D.N.Y.) ...........................................................................11

*Albert v. Am. Soc'y of Health-Sys. Pharmacists, Inc.*,
No. 8:25-cv-00673 (D. Md.), ECF No. 11 ................................................ *passim*

*Albert v. Glob. Tel\*Link Corp.*,
No. 20-cv-01936, 2024 WL 4644631 (D. Md. Oct. 31, 2024) (Griggsby, J.) ..........8

*Blake v. R&B Corp. of Va.*,
No. 4:23-CV-66, 2023 WL 4646102 (E.D. Va. July 20, 2023) ............................17

*Borozny v. RTX Corp., Pratt & Whitney Division*,
No. 3:21-cv-01657 (D. Conn.) ..........................................................................13

*In re Cattle and Beef Antitrust Litig.*,
No. 0:22-md-3031 (D. Minn.) ...........................................................................12

*City of Providence, R.I. v. AbbVie Inc.*,
No. 20-CV-5538, 2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020) ...........................15

*Dahl v. Bain Cap. Partners, LLC*,
No. 08-cv-10254 (D. Mass.) .............................................................................11

*Darrin v. Huntington Ingalls Indus.*,
No. 4:23-CV-53, 2023 WL 4938072 (E.D. Va. July 6, 2023) ...............................5

*In re Disposable Contact Lens Antitrust Litig.*,
MDL No. 2626 (M.D. Fla.) ...............................................................................11

*Edwards v. Hearst Commc'ns, Inc.*,
No. 1:15-cv-09279-AT-JLC (S.D.N.Y.) ..............................................................9

*In re European Gov't Bonds Antitrust Litig.*,
No. 19-cv-2601 (S.D.N.Y.) ..............................................................................11

*In re FICO Antitrust Litig. Related Cases*,
No. 20-cv-2114 (N.D. Ill.) ...............................................................................12

*In re Foreign Exch. Benchmark Rates Antitrust Litig.*,
   No. 13-cv-7789 (S.D.N.Y) .................................................................................11, 14

*In re Frozen Potato Antitrust Litig.*,
   No. 1:24-cv-11801(N.D. Ill) ........................................................................................13

*Gallagher v. Rosecrance, Inc.*,
   No. 2025-LA-000019 (Jan. 14, 2025, Winnebago Cnty. Cir. Ct., Ill.) ...................................10

*In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*,
   No. 1:21-cv-269, 2022 WL 1494378 (E.D. Va. May 10, 2022)...........................................7

*Gibson, et al. v. Nat'l Ass'n of Realtors, et al.*,
   No. 4:23-cv-00788 (W.D. Mo.) ...................................................................................11

*Good v. Am. Water Works Co.*,
   No. 2:14-01374, 2014 WL 2481821 (S.D. W.Va. June 3, 2014) .............................................4

*Groover v. Prisoner Transp. Servs., LLC*,
   No. 15-cv-61902, 2019 WL 3974143 (S.D. Fla. Aug. 22, 2019) ........................................9, 14

*In re GSE Bonds Antitrust Litig.*,
   No. 19-cv-01704 (S.D.N.Y.).....................................................................................11, 12

*In re Hearst Communications State Right of Publicity Statute Cases*,
   No. 21-cv-8895 (S.D.N.Y.).........................................................................................12

*Kim v. Am. Soc'y of Health-Sys. Pharmacists, Inc.*,
   No. 8:25-cv-00708 (D. Md.), ECF No. 16 ...................................................................1, 3, 7

*Klein v. Meta Platforms, Inc.*
   No. 320-cv-08570 (N.D. Cal.) ......................................................................................13

*Locke v. Fidelitone, Inc.*,
   No. 2021L000068 (Jan. 8, 2025, DuPage Cnty.y Cir. Ct., Ill.) ..........................................10

*Luczak v. Nat'l Beverage Corp.*,
   No. 0:18-cv-61631, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ..........................................9

*In re Maxar Techs. Inc. S'holder Litig.*,
   No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.)................................................................9

*Murphy v. Unytite, Inc.*,
   No. 2021CH000003 (April 14, 2022, LaSalle County Cir. Ct., Ill.).........................................10

*Pam Kagan Mktg. Inc. v. Navisite, Inc.*,
   No. WDQ-07-3094, 2008 WL 11509445 (D. Md. May 21, 2008)...........................................4

*Plymouth Cnty. Ret. Sys. v. Impinj, Inc., et al.,*
No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.)...................................................10

*Powell Prescription Ctr. et al v. Surescripts, LLC et al,*
No. 1:19-cv-06627 (N.D. Ill.) ........................................................................13

*In re PVC Pipe Antitrust Litig.,*
No. 1:24-cv-07639 (N.D. Ill.) ........................................................................13

*In re RealPage, Inc., Rental Software Antitrust Litig.,*
No. 3:23-md-03071 (M.D. Tenn.) ..............................................................10, 12

*Riddick v. MedStar Health,*
No. 24-1335-BAH, 2024 WL 4712390 (D. Md. Nov. 7, 2024) ..........................8, 9

*Rivera et al. v. Google, LLC,*
No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022)................................9

*Schreiber et al. v. Mayo Found. for Med. Educ. & Rsch.,*
No. 22-cv-00188 (W.D. Mich.) ......................................................................9

*In re Shale Oil Antitrust Litig.,*
No. 24-md-3119 (D.N.M.)..........................................................................11, 12

*Smith v. Loyola Univ. Health Sys.,*
No. 2025CH01338 (Feb. 6, 2025, Cook Cnty. Cir. Ct. Ill.) ..............................10

*Smith v. Radisson Hosp., Inc.,*
No. 2021-CH-00177 (Cir. Ct. Cook Cnty. Ill. May 13, 2022)...........................10

*Solomon v. Am. Web Loan, Inc.,*
No. 4:17CV145, 2018 WL 10579660 (E.D. Va. Sept. 17, 2018) ........................17

## Statutes

Illinois's Biometric Information Privacy Act ...................................................9

Illinois's Genetic Information Privacy Act.....................................................10

Sherman Act................................................................................. *passim*

## Other Authorities

Fed. R. Civ. P. 23(g)(1)................................................................... *passim*

Wright, et al., *Federal Practice and Procedure* §1802.3 (3d ed. 2005)........................5

As set forth in their respective Notices of Intent to File a Motion[1], Plaintiffs Alexis Albert, May Ann Hudgins, and June Kim respectfully move for an order: (1) appointing Hedin LLP and Scott+Scott Attorneys at Law LLP ("Scott+Scott") (collectively, "Proposed Interim Co-Lead Counsel") as interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g); and (2) appointing Lerch, Early & Brewer, Chtd. ("Lerch Early") as liaison counsel ("Proposed Interim Liaison Counsel").

Plaintiffs have met and conferred with Defendants, and they take no position on this motion.

## INTRODUCTION

Plaintiffs Albert and Hudgins, represented by Hedin LLP and local counsel at Lerch Early, initiated the *Albert* Action on February 28, 2025. Plaintiff June Kim, represented by Scott+Scott, filed the *Kim* Action on March 4, 2025. The Court subsequently consolidated the second-filed *Kim* Action with the first-filed *Albert* Action and directed the parties to make all future filing under the *Albert* Action as the lead case. *Albert* Action, ECF No. 28.

The allegations in the Related Actions are nearly identical. Plaintiffs in both Related Actions allege class-wide violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, arising from Defendants' conspiracy to restrain competition in the recruitment, hiring, employment, and compensation of resident pharmacists. Both Related Actions are brought on behalf of the same proposed Class, comprised of all persons who obtained employment as resident pharmacists through the American Society of Health-System Pharmacists, Inc. Resident Matching

---

[1] *See Albert v. Am. Soc'y of Health-Sys. Pharmacists, Inc.*, No. 8:25-cv-00673 (D. Md.) (the "*Albert* Action"), ECF No. 11; *Kim v. Am. Soc'y of Health-Sys. Pharmacists, Inc.*, No. 8:25-cv-00708 (D. Md.) (the "*Kim* Action"), ECF No. 16. Collectively, the *Albert* Action and *Kim* Action are referred to as the "Related Actions."

Program (the "ASHP Match"), against many of the same Defendants (including American Society of Health-System Pharmacists, Inc. ("ASHP") and National Matching Services, Inc. ("NMS"), among many other common defendants).

Given the Related Actions' substantial overlap, the complexity of the issues involved, the need for efficiency among both the parties and the Court, and the imperative to protect the interests of the proposed Class members, appointing counsel to serve as interim co-lead counsel and interim liaison counsel on behalf of the proposed Class is appropriate at this juncture. Proposed Interim Co-Lead Counsel and Proposed Interim Liaison Counsel are uniquely positioned to protect the interests of Plaintiffs and the proposed Class. These firms' extensive factual investigation, legal research, and engagement of an economic consultant have brought these claims to light and resulted in the initiation of the Related Actions. In view of the resources these firms have already dedicated to the Related Actions, as well as their deep reservoir of experience and previous successes in complex class action and antitrust litigation, Proposed Interim Co-Lead Counsel and Proposed Interim Liaison Counsel are well qualified to continue steering this litigation on a prudent course on behalf of members of the proposed Class.

## BACKGROUND

On February 28, 2025, Plaintiffs Albert and Hudgins filed the *Albert* Action in the United States District Court for the District of Maryland, where it was assigned to this Court. *Albert* Action, ECF No. 1. Plaintiffs Albert and Hudgins are represented by Hedin LLP and Lerch Early. *See Id*. The *Albert* Action is the first-filed of the Related Actions.

The *Albert* Action alleges that nearly every employer of resident pharmacists has illegally agreed to limit competition in the recruitment, hiring, employment, and compensation of these employees. *Id*. It alleges that this agreement is effectuated through the employers' participation

in the ASHP Match. *Id*. The ASHP Match is a contractually-binding algorithmic matching program which, among other things, matches resident pharmacists to employers, prevents resident pharmacists from freely negotiating the terms of their employment, and restricts resident pharmacists' ability to transfer between employers. *Id*. This system is alleged to artificially suppress the wages and employment benefits received by pharmacy residents. *Id*. Plaintiffs in the *Albert* Action assert two claims under the Sherman Antitrust Act, 15 U.S.C. § 1: one for illegal agreements in restraint of trade, and another for the illegal exchange of competitively-sensitive information. *Id*.

On March 4, 2025, Plaintiff Kim filed a similar class action complaint in the United States District Court for the District of Maryland. *See Kim* Action, ECF No. 1. Plaintiff Kim is represented by Scott+Scott. The *Kim* Action is the second-filed of the Related Actions. The *Kim* Action was consolidated with the *Albert* Action on April 1, 2025. ECF No. 28. While the *Kim* Action names some additional defendants, it arises from substantially the same set of facts as the *Albert* Action and asserts the same claims under the Sherman Antitrust Act, 15 U.S.C. § 1.

Plaintiffs' counsel in the Related Actions have conferred regarding how to most effectively and efficiently prosecute these claims on behalf of the proposed Class. Based on their experience developing, investigating, and preparing the Related Actions and their experience in other similar complex class action matters, Plaintiffs' counsel have determined that the most effective and efficient manner to prosecute the Related Actions will be in a consolidated proceeding with shared leadership responsibilities, with Hedin LLP and Scott+Scott serving as Interim Co-Lead Counsel and Lerch Early serving as Interim Liaison Counsel.

As the Court has already consolidated the Related Actions, Plaintiffs therefore respectfully move the Court to: (1) appoint Hedin LLP and Scott+Scott as Interim Co-Lead Counsel, and (2) appoint Lerch Early as Interim Liaison Counsel.

## ARGUMENT

Appointing Scott+Scott and Hedin LLP as Interim Co-Lead Counsel, and appointing Lerch Early as Interim Liaison Counsel, will best advance the interests of judicial economy and protect the interests of Plaintiffs and the proposed Class.

## I.    HEDIN LLP AND SCOTT+SCOTT ATTORNEYS AT LAW LLP SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL PURSUANT TO RULE 23(G)

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As courts often recognize, interim appointment of class counsel "may produce significant benefits in terms of coordinating the litigation in the pre-certification context." *Good v. Am. Water Works Co.*, No. 2:14-01374, 2014 WL 2481821 (S.D. W.Va. June 3, 2014). Appointment of interim class counsel often occurs where there are overlapping, duplicative, or competing suits. *See Pam Kagan Mktg. Inc. v. Navisite, Inc.*, No. WDQ-07-3094, 2008 WL 11509445, at *4 (D. Md. May 21, 2008) (appointing interim class counsel and interim liaison counsel where multiple related cases were pending).

Under Rule 23(g)(1)(A), courts consider the following criteria in deciding whom to appoint interim as class counsel:

      i.    the work counsel has done in identifying or investigating potential claims in the action;

     ii.    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

   iii.    counsel's knowledge of the applicable law; and

iv.    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see also, e.g., Darrin v. Huntington Ingalls Indus.*, No. 4:23-CV-53, 2023 WL 4938072, at *1 (E.D. Va. July 6, 2023) (considering the Rule 23(g)(1)(A) factors with respect to interim co-lead interim counsel appointment).  The Court may also "consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths.  *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright, et al., *Federal Practice and Procedure* §1802.3 (3d ed. 2005) ("the rule also authorizes the court to take into account 'any other matter pertinent' to determining whether the attorney has the requisite ability to fairly and adequately represent the interests of the class").

All of the Rule 23(g) factors—and relevant additional considerations—weigh in favor of appointing Scott+Scott and Hedin LLP Interim Co-Lead Counsel.

## A.  Proposed Interim Co-Lead Counsel Have Expended Significant Time and Resources Investigating and Pursuing Plaintiffs' Claims and Will Continue to Do So.

Proposed Interim Co-Lead Counsel have expended significant time and resources researching, investigating, developing, initiating, and pursuing the claims asserted in the Related Actions, and they would continue to do so as Interim Co-Lead Counsel.  *See* Fed. R. Civ. P. 23(g)(1)(A)(i) (listing "work counsel has done in identifying or investigating potential claims in the action" as the first factor in considering class counsel appointments).

Attorneys with Hedin LLP devoted significant time and resources to developing the claims alleged in the Related Actions over the course of nearly a year.  Specifically, Tyler Somes, an attorney at Hedin LLP, identified the underlying conduct alleged in the actions as actionable under the Sherman Act after carefully researching and analyzing litigation initiated over two decades ago

concerning a physician residency matching program and a subsequent antitrust exemption passed by Congress in response to that litigation—an exemption which applies solely to physician resident matching programs and not to the pharmacist resident matching program that is the focus of the instant litigation. *See* Declaration of Frank S. Hedin in Support of Motion to Appoint Hedin LLP and Scott+Scott Attorneys at Law LLP as Interim Co-Lead Counsel and Lerch, Early & Brewer Chtd. as Interim Liaison Counsel ("Hedin Decl."), ¶ 8. This work included Mr. Somes's preparation of comprehensive written work product, completed over seven months, analyzing the claims and the viability of the legal theories embodied in the Related Actions. *See Id.* Significant pre-filing investigatory work by Hedin LLP followed, including conducting interviews with pharmacists, obtaining data for damages models and related benchmarks, and discussions and consultations with a consulting economist. *See Id.* Neither of the Related Actions would have been possible without this early work performed by Hedin LLP in identifying, developing, researching, and investigating the underlying theory of liability from which Plaintiffs' claims arise.

Based on these efforts, Hedin LLP, on behalf of Plaintiffs Albert and Hudgens, then drafted a class action complaint. *See* Hedin Decl., ¶ 8. In mid-February 2025, Hedin LLP and Lerch Early agreed to work together to bring the case in this judicial district. Hedin Decl., ¶ 9; Declaration of Stuart A. Berman in Support of Motion to Appoint Hedin LLP and Scott+Scott Attorneys at Law LLP as Interim Co-Lead Counsel and Lerch, Early & Brewer, Chtd. as Interim Liaison Counsel ("Berman Decl."), ¶ 10. On February 28, 2025, Hedin LLP and Lerch Early filed the *Albert* Action—the first case asserting antitrust claims on behalf of pharmacy residents obtaining employment through the ASHP Match. *See Albert* Action, Complaint, ECF No. 1; *accord* Moore's Federal Practice §23.120[3][a] (2007) (noting that courts consider whether an attorney has

undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort" when making lead counsel determinations).

Scott+Scott filed the *Kim* Action on March 4, 2025. *See Kim* Action, ECF No. 1. The *Kim* Action is the second-filed case. Hedin LLP and Lerch Early have worked cooperatively and collaboratively with Scott+Scott in the prosecution of these Related Actions. *See* Hedin Decl., ¶¶ 11-12; Berman Decl., ¶ 11; Declaration of Matthew Perez in Support of Motion to Appoint Hedin LLP and Scott+Scott Attorneys at Law LLP as Interim Co-Lead Counsel and Lerch, Early & Brewer, Chtd. as Interim Liaison Counsel ("Perez Decl."), ¶ 11. These three firms bring complementary strengths to the table and are best suited to advance the litigation on behalf of Plaintiffs and the proposed Class.

Proposed Interim Co-Lead Counsel and Proposed Interim Liaison Counsel have already demonstrated their ability to work together for the benefit of the proposed class. For example, Proposed Interim Co-Lead Counsel have jointly consulted with a well-known economist with experience analyzing labor markets. *See* Hedin Decl., ¶ 12; Perez Decl., ¶ 11. They have secured service or waivers of service from each of the Defendants. *Id.* They have also negotiated a proposed stipulated schedule for the filing of a consolidated amended complaint and a briefing schedule for any forthcoming motions to dismiss with Defendants. *See Id.* Finally, they timely noticed Plaintiffs' intent to move for consolidation and class counsel appointment when it became apparent that the Plaintiffs' claims and considerations of judicial economy would benefit from those measures. *See Albert* Action, ECF No. 11; *Kim* Action, ECF No. 16; *accord In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269, 2022 WL 1494378, at *4 (E.D. Va. May 10, 2022) (finding that counsel's "efforts to procedurally advance the case," including

"seeking consolidation of the related actions" and "consult[ing] with potential experts" supported counsel's appointment as interim class counsel).

While no one factor under Rule 23(g)(1) "should necessarily be determinative," Fed. R. Civ. 23, advisory committee notes (2003), the early investigative, analytical, and procedural efforts of counsel in developing a case can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

James Wm. Moore et al., Moore's Federal Practice §23.120(3)(a) (3d. Ed. 2007). Here, Proposed Interim Co-Lead Counsel's extensive work identifying, investigating, and prosecuting the claims indicates that they will continue to fairly and adequately represent the proposed Class—and strongly weighs in favor of their appointment as Interim Co-Lead Counsel. *See Riddick v. MedStar Health*, No. 24-1335-BAH, 2024 WL 4712390, at *4 (D. Md. Nov. 7, 2024) (appointing co-lead counsel who had "identified, developed, and investigated claims for the pending litigation and committed substantial time and resources to advancing the litigation.").

In sum, Proposed Interim Co-Lead Counsel have taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation, which demonstrates their suitability for appointment as interim co-lead class counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

### B. Proposed Interim Co-Lead Counsel Have Extensive Experience in Class Action and Antitrust Litigation and Know the Applicable Law

Proposed Interim Co-Lead Counsel have extensive experience prosecuting class actions and antitrust litigation and deep knowledge of the applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii); *see also Albert v. Glob. Tel*Link Corp.*, No. 20-cv-01936, 2024 WL 4644631 at n.2 (D. Md. Oct. 31, 2024) (Griggsby, J.) (outlining the experience and skills in

complex litigation of the appointed co-lead counsel); *Riddick*, 2024 WL 4712390 at *3 (noting appointed counsel's prior experience handling similar matters).  The firm résumés for Scott+Scott and Hedin LLP, attached as Exhibit A to the Hedin Declaration and Perez Declaration, respectively, describe their experience, expertise, and knowledge in the areas of complex class action litigation and antitrust litigation, which are also briefly summarized below.

**Hedin LLP**

Hedin LLP is a leading class action firm representing employees and consumers in complex litigation across the United States.  Since the firm's founding in 2018, courts have recognized its "extensive experience in class actions," *Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018), and regularly noted the quality of its work on behalf of the firm's clients.  *See, e.g.*, *Groover v. Prisoner Transp. Servs., LLC*, No. 15-cv-61902, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019) (noting that the firm "provided excellent and thorough representation in a case that was exceptionally time-consuming").

Hedin LLP has a proven track record of obtaining significant recoveries on behalf of its clients while litigating novel questions of law and matters of first impression.  *See e.g., Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) (class counsel in action under Illinois's Biometric Information Privacy Act resulting in a $100 million settlement); *Schreiber et al. v. Mayo Found. for Med. Educ. & Rsch.*, No. 22-cv-00188 (W.D. Mich.) (class counsel in action under Michigan's Preservation of Personal Privacy Action ("MPPPA") resulting in a $52.5 million settlement); *Edwards v. Hearst Commc'ns, Inc.*, No. 1:15-cv-09279-AT-JLC (S.D.N.Y.) (class counsel in action under MPPPA resulting in a  $50 million settlement).  Hedin LLP also regularly serves as lead counsel or co-lead counsel in complex and resource-intensive securities litigation.  *See, e.g.*, *In re Maxar Techs. Inc. S'holder Litig.*, No. 19CV357070 (Cal. Sup.

Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws resulting in a $36.5 million non-reversionary class settlement); *Plymouth Cnty. Ret. Sys. v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws resulting in a $20 million non-reversionary class settlement).

Hedin LLP frequently prosecutes class actions, in various contexts, including on behalf of employees against employers. *See, e.g., Smith v. Radisson Hosp., Inc.*, No. 2021-CH-00177 (Cir. Ct. Cook Cnty. Ill. May 13, 2022) (approving class-action settlement of BIPA case on behalf of defendant's employees); *Murphy v. Unytite, Inc.*, No. 2021CH000003 (April 14, 2022, LaSalle County Cir. Ct., Ill.) (same); *Locke v. Fidelitone, Inc.*, No. 2021L000068 (Jan. 8, 2025, DuPage Cnty.y Cir. Ct., Ill.) (same); *Gallagher v. Rosecrance, Inc.*, No. 2025-LA-000019 (Jan. 14, 2025, Winnebago Cnty. Cir. Ct., Ill.) (class action filed by employees of defendant alleging violations of Illinois's Genetic Information Privacy Act); *Smith v. Loyola Univ. Health Sys.*, No. 2025CH01338 (Feb. 6, 2025, Cook Cnty. Cir. Ct. Ill.) (same).

The Hedin LLP team working on this matter is led by Frank S. Hedin, Tyler K. Somes, and Julie E. Holt. Mr. Hedin served as a law clerk to the Honorable William Q. Hayes, United States District Judge for the Southern District of California. Hedin Decl., ¶ 2. He has represented consumers and employees in class actions for more than a decade. Hedin Decl., ¶¶ 2, 3. Mr. Somes served as a law clerk to the Honorable Richard C. Wesley, United States Circuit Judge for the Second Circuit. Hedin Decl., Ex. A. Mr. Somes spent several years litigating antitrust cases at a large commercial law firm, where his experience included working on, *inter alia*, the following antitrust matters: *In re RealPage, Inc., Rental Software Antitrust Litig.*, No. 3:23-md-03071 (M.D. Tenn.); *Adventist Health Sys. Sunbelt Healthcare Corp. v. Multiplan, Inc.,* No. 1:23-cv-07031

(S.D.N.Y); *In re Shale Oil Antitrust Litig.*, No. 24-md-3119 (D.N.M.); and *Gibson, et al. v. Nat'l Ass'n of Realtors*, *et al.*, No. 4:23-cv-00788 (W.D. Mo.).  *Id*.  Ms. Holt is a graduate of Yale Law School, has tried approximately 30 jury trials and numerous bench trials, and has filed several petitions for writ of certiorari to the U.S. Supreme Court.  Hedin Decl., Ex. A.  Exhibit A to the Hedin Declaration contains more details about Hedin LLP's team of lawyers working on this matter.

### Scott+Scott Attorneys at Law LLP

Scott+Scott is an international law firm with over 130 lawyers practicing in offices across the United States and Europe.  It is widely regarded as one of the premier antitrust firms in the country.  Scott+Scott's recent successes as lead or co-lead counsel include some of the largest recoveries in antitrust class action history.  *See, e.g.*, *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y) (over $2.3 billion in settlements in case alleging conspiracy to fix the price of foreign exchange); *Dahl v. Bain Cap. Partners, LLC*, No. 08-cv-10254 (D. Mass.) ($590.5 million in settlements in case alleging bid rigging and market allocation of leveraged buyouts by private equity firms); *Alaska Electrical Pension Fund v. Bank of Am. Corp*., No. 14-cv-07126 (S.D.N.Y.) ($504.5 million in settlements in case alleging price-fixing of the ISDAfix benchmark interest rate); *In re GSE Bonds Antitrust Litig.*, No. 19-cv-01704 (S.D.N.Y.) ($386 million settlement in case alleging manipulation of Freddie Mac and Fannie Mae bonds); *In re European Gov't Bonds Antitrust Litig.*, No. 19-cv-2601 (S.D.N.Y.) ($120 million in settlements in case alleging price-fixing of euro-denominated bonds issued by Eurozone members); *In re Disposable Contact Lens Antitrust Litig.*, MDL No. 2626 (M.D. Fla.) (alleging price-fixing in the disposable contact lens industry; securing a $75 million settlement on the eve of trial, for a total of $118 million in settlements).  *See* Perez Decl. ¶ 16.  In each of these matters

(among others), Scott+Scott has worked cooperatively and effectively with both plaintiffs' and defense counsel to the benefit of the classes Scott+Scott has represented. *Id.* at ¶ 13. Indeed, Scott+Scott and Hedin LLP are also co-counsel in another class action (see *In re Hearst Communications State Right of Publicity Statute Cases*, No. 21-cv-8895 (S.D.N.Y.)). *Id.* at ¶ 12.

Scott+Scott's highly experienced attorneys have been recognized as among the top lawyers in 2024 by *Lawdragon*, *Who's Who Legal*, and *The Legal 500* in Antitrust Civil Litigation, and they consistently receive top Chambers antitrust category rankings. The firm has been repeatedly recognized by antitrust advocacy groups for its achievements. For example, Scott+Scott received the American Antitrust Institute's Outstanding Antitrust Litigation Achievement Award three times: 2014 (*Private Equity*), 2018 (*ISDAfix*), and 2020 (*GSE Bonds*). Likewise, the American Antitrust Institutes' 2021 Antitrust Annual Report recognized that Scott+Scott:

    a. Obtained the #1 Largest Antitrust Recovery (*FX*), and 4 of the Top 25 Antitrust Recoveries in the past decade;

    b. Was #1 overall in the past decade with the largest average settlement dollar amount per settlement of $84,825,543; and

    c. Was #2 overall in the past decade for Lead Counsel in Class Recovery in terms of aggregate class settlements in total dollar value.

*See* Perez Decl. ¶ 18.

Scott+Scott is currently acting as co-lead counsel in several of the most prominent antitrust multi-district litigations ("MDLs") in the country. Its current antitrust MDL leadership appointments include: *In re Shale Oil Antitrust Litig.*, No. 24-md-3119 (D.N.M.); *In re RealPage, Inc., Rental Software Antitrust Litig. (No. II)*, No. 3:23-md-03071 (M.D. Tenn.); and *In re Cattle and Beef Antitrust Litig.*, No. 0:22-md-3031 (D. Minn.) (where plaintiffs have recently moved for approval of an $83.5 million settlement with a single defendant). Beyond MDLs, Scott+Scott is serving as co-lead counsel in other consolidated antitrust class actions, including: *In re FICO*

*Antitrust Litig. Related Cases*, No. 20-cv-2114 (N.D. Ill.); *Klein v. Meta Platforms, Inc.* No. 320-cv-08570 (N.D. Cal.); *Powell Prescription Ctr. et al v. Surescripts, LLC et al*, No. 1:19-cv-06627 (N.D. Ill.); *In re PVC Pipe Antitrust Litig.*, No. 1:24-cv-07639 (N.D. Ill.); *In re Frozen Potato Antitrust Litig.*, No. 1:24-cv-11801(N.D. Ill). Perez Decl. ¶ 17.

The Scott+Scott team will be led by antitrust partners Matthew Perez and Patrick McGahan, both of whom have previously served as co-lead counsel in numerous high-profile antitrust MDLs, including some of the matters referenced above. In addition, prior to joining Scott+Scott, Mr. Perez was part of the team that served as co-lead counsel in several antitrust actions, including one alleging a conspiracy among aerospace companies to suppress wages and reduce mobility of aerospace employees, *Borozny v. RTX Corp., Pratt & Whitney Division*, No. 3:21-cv-01657 (D. Conn.). Perez Decl. ¶ 19; *see also* Perez Decl. Ex. A (containing additional details about Scott+Scott and its team of lawyers working on this matter).

### C. Proposed Interim Co-Lead Counsel Have the Resources Necessary to Effectively Prosecute the Plaintiffs' Claims

Proposed Interim Co-Lead Counsel each have well-established and successful practices and the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions.

Proposed Interim Co-Lead Counsel will dedicate the resources necessary to zealously represent the interests of the proposed class, including through rigorous motion practice, discovery, class certification, and trial. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv) (listing "the resources that counsel will commit to representing the class" as a factor for consideration in the appointment of class counsel). As evidence of that dedication, Proposed Interim Co-Lead Counsel intends to self-fund this litigation. *See* Hedin Decl., ¶ 13; Perez Decl., ¶ 22. But the firms' resources are not merely financial. Their extensive in-house litigation capabilities – including in-house investigators, data

scientists, IT specialists, eDiscovery groups, and document hosting capacity – will allow them to efficiently obtain, manage, and analyze the high volume of documents and data necessary to advance Plaintiffs' claims. *See* Perez Decl., ¶ 23.

Proposed Interim Co-Lead Counsel's resources also include substantial expertise and work-product developed in other similar cases, which will allow them to streamline and effectively prosecute the litigation. Scott+Scott and Hedin LLP collectively draw from over 100 highly experienced attorneys dedicated to representing plaintiffs in complex class action litigation, as well as numerous non-lawyer professionals and support staff.

Courts and mediators alike have lauded the resources and commitment of Proposed Interim Co-Lead Counsel in representing clients in class action cases. For instance, renowned mediator, Kenneth R. Feinberg, concluded that Scott+Scott's efforts in *In re Foreign Exch. Benchmark Rates Antitrust Litig.* "represent[ed] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and that Scott+Scott was "superlative, sophisticated, and determined plaintiff's lawyers." *See In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No 13-cv-7789 (LGS) (S.D.N.Y), ECF No. 925 at 2; *Id.*, ECF No. 926, ¶ 29. Similarly, United States District Court Judge Beth Bloom of the Southern District of Florida has recognized the "excellent and thorough representation" provided by Hedin LLP, including in "exceptionally time-consuming" cases. *Groover*, 2019 WL 3974143, at *2. Proposed Interim Co-Lead Counsel will bring the same dedication and resources to this action.

## D. Additional Factors Favor Appointing Proposed Interim Co-Lead Counsel

Several additional factors support the appointment of Hedin LLP and Scott+Scott as Interim Co-Lead Counsel: ***First***, this motion would give members of the proposed Class the benefit of sophisticated and experienced counsel who, as discussed above, have a track record of achieving landmark results in complex class actions. ***Second***, the decision among sophisticated

14

counsel to submit a joint application for appointment strongly supports granting this motion.  The Manual for Complex Litigation §10.22 (4th ed. 2004) advises that, efforts by "attorneys [to] coordinate their activities without the court's assistance . . . should be encouraged."  ***Third***, through their decades of combined experience prosecuting complex class actions, Scott+Scott and Hedin LLP have developed significant relationships with industry experts, regulatory personnel, and settlement administration experts which would accrue to the benefit of the proposed Class.

    ***Finally***, the bench and bar have recognized the importance of considering diversity as a relevant factor in selecting interim class counsel.  *See, e.g.*, *City of Providence, R.I. v. AbbVie Inc.*, No. 20-CV-5538, 2020 WL 6049139, at \*6 (S.D.N.Y. Oct. 13, 2020).  Over half of the attorneys at Hedin LLP are either women or people of color (groups traditionally underrepresented in the legal profession) which reflects the firm's deep commitment to ensuring that a diverse group of attorneys work on behalf of each of its clients.  *See* Hedin Decl., ¶ 14.  Scott+Scott, was recognized by *Law360* as a "Ceiling Smasher" for its representation of women in the firm's equity partnership.  *See* Perez Decl., ¶ 14.  Proposed Interim Co-Lead Counsel are thus committed to employing a diverse group of attorneys to work on this action to represent the diverse interests of all Class members.

### E.  Proposed Duties and Responsibilities for Interim Co-Lead Counsel

    If appointed, Proposed Interim Co-Lead Counsel will execute all duties and responsibilities of interim lead class counsel to effectively and efficiently resolve this litigation.  These duties and responsibilities comport with the standards in the Manual for Complex Litigation and include (1) presenting written and oral arguments to the Court; (2) communicating with other parties; (3) organizing discovery requests and responses; examining deponents; (4) delegating specific tasks to other counsel as necessary; and (5) seeing that schedules are met.  *See* Manual for Complex Litig. §10.221.

More specifically, if appointed, Proposed Interim Co-Lead Counsel will:

- present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and proposed class members on all matters arising during pretrial proceedings;

- coordinate the initiation and conduct of discovery on behalf of Plaintiffs and proposed class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

- conduct settlement negotiations on behalf of all Plaintiffs and the proposed class members, and, where appropriate, to present any proposed settlements to the Court on behalf of proposed class members;

- delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the proposed class is conducted efficiently and effectively;

- enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

- prepare and distribute status reports to any other law firms that might seek to represent the proposed class;

- maintain adequate time and disbursement records;

- monitor the activities of any other law firms that might seek to represent proposed class members to ensure that schedules are met, and unnecessary expenditures of time and funds are avoided; and

- perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the proposed class or authorized by further order of this Court.

At bottom, proposed Co-Lead Counsel will prosecute this matter in an efficient and orderly manner to protect the interests of the proposed Class.

## II.  LERCH EARLY SHOULD BE APPOINTED INTERIM LIAISON COUNSEL

To ensure Plaintiffs meet and exceed the standards imposed by this District's Local Rules and practices, and to ensure efficient and orderly communication with the Court, Plaintiffs respectfully move the Court to appoint Lerch Early as Interim Liaison Counsel.

The Lerch Early team will be led by Stuart A. Berman and Stanley J. Reed.  Both Mr. Berman and Mr. Reed are longtime members of the bar of the District of Maryland.  Berman Decl.,

¶ ¶ 2, 8.  Mr. Berman received his J.D. degree from Harvard Law School and previously served as a law clerk for the Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio.  *Id.* at  ¶ 2.  Mr. Berman previously served as a Trial Attorney in the Antitrust Division of the United States Department of Justice and as an Assistant United States Attorney for the District of Maryland, including as Chief of the South Division office in Greenbelt, Maryland for over a decade. *Id.* at ¶¶ 3, 4.  Mr. Reed received his J.D. degree from the University of Michigan, previously served as a law clerk for the Honorable Harold H. Greene of the United States District Court for the District of Columbia, worked as an Assistant Federal Public Defender for the District of Maryland, and serves as the general counsel of Lerch Early and chair of its litigation group. *Id.* at ¶¶ 5-7. Mr. Reed has been a member of this Court since 1979.  *Id*. at ¶ 8.

Plaintiffs respectfully request that the Court delegate responsibility for acting as the main point of contact between the Plaintiffs and the Court for all administrative purposes, including scheduling hearings, conferences, and arguments, to Lerch Early and appoint Lerch Early as Interim Liaison Counsel.  *See, e.g.*, *Solomon v. Am. Web Loan, Inc.*, No. 4:17CV145, 2018 WL 10579660, at *5 (E.D. Va. Sept. 17, 2018) (appointing interim co-lead class counsel and interim local class counsel); *Blake v. R&B Corp. of Va.*, No. 4:23-CV-66, 2023 WL 4646102, at *2 (E.D. Va. July 20, 2023) (appointing interim co-lead class counsel and plaintiffs' liaison counsel).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) appoint Scott+Scott and Hedin LLP as Interim Co-Lead Counsel, and (2) appoint Lerch Early as  Interim Liaison Counsel.

Dated:  April 14, 2025                     Respectfully submitted,

                                           */s/ Matthew J. Perez*
                                           Matthew J. Perez (*pro hac vice*)
                                           SCOTT+SCOTT ATTORNEYS AT LAW LLP
                                           The Helmsley Building
                                           230 Park Avenue, 24th Floor
                                           Telephone: (212) 233-6444
                                           Facsimile:  (212) 223-6334
                                           matt.perez@scott-scott.com

                                           Patrick McGahan (*pro hac vice*)
                                           SCOTT+SCOTT ATTORNEYS AT LAW LLP
                                           156 South Main Street
                                           P.O. Box 192
                                           Colchester, CT 06145
                                           Telephone: (860) 537-5537
                                           Facsimile: (860) 537-4432
                                           pmcgahan@scott-scott.com

                                           Joseph Pettigrew (MD Bar No. 1812120130)
                                           SCOTT+SCOTT ATTORNEYS AT LAW LLP
                                           600 W. Broadway, Suite 3300
                                           San Diego, CA 92101
                                           Telephone: (619) 233-4565
                                           Facsimile: (619) 233-4565
                                           jpettigrew@scott-scott.com

                                           */s/ Frank S. Hedin*
                                           Frank S. Hedin (*pro hac vice*)
                                           Hedin LLP
                                           1395 Brickell Avenue, Suite 610
                                           Miami, Florida 33131
                                           Telephone: (305) 357-2107
                                           fhedin@hedinllp.com

Tyler K. Somes (*pro hac vice*)
Hedin LLP
1100 15th Street NW, Ste 04-108
Washington, D.C. 20005
Telephone: (202) 900-3331
tsomes@hedinllp.com

*Proposed Interim Co-Lead Counsel*


/s/ Stuart A. Berman
Stuart A. Berman #08489
Stanley J. Reed #00315
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue, Suite 700
Bethesda, MD 20814
Telephone: (301) 657-0729
saberman@lerchearly.com
sjreed@lerchearly.com

*Proposed Interim Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/Matthew J. Perez*
Matthew J. Perez