IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ALEXIS ALBERT, *et al.*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN SOCIETY OF HEALTH- )<br>SYSTEM PHARMACISTS, INC., *et al.*, )<br>)<br>Defendants )<br>) | Civil Action No. 25-cv-00673-LKG<br><br>Dated:  May 30, 2025 |

**ORDER**

On April 4, 2025, the Court consolidated the following cases: *Kim v. American Society of Health-System Pharmacists, Inc., et al.*, No. 25-cv-00708; and *Albert v. American Society of Health-System Pharmacists, Inc., et.* al, No. 8:25-cv-00673-LKG.  ECF No. 28.  On April 14, 2025, the Plaintiffs filed a motion to appoint interim class counsel.  ECF No. 32.  The Defendants' responses in opposition to the Plaintiffs' motion to appoint interim class counsel were due on May 9, 2025.  *See* ECF No. 28.  No responses have been filed.

Plaintiffs Alexis Albert, May Ann Hudgins and June Kim seek an Order from this Court appointing Hedin LLP and Scott+Scott Attorneys at Law LLP ("Scott+Scott") as interim co-lead class counsel, pursuant to Federal Rule of Civil Procedure 23(g); and appointing Lerch, Early & Brewer, Chtd. ("Lerch Early") as liaison counsel, pursuant to Federal Rule of Civil Procedure 23(g) (collectively, "Proposed Interim Class Counsel").  *See* ECF No. 32.  The Plaintiffs inform the Court that they have met and conferred with the Defendants and the Defendants take no position on this motion.  ECF No. 32-1 at 6.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  Courts consider the following criteria in deciding whom to appoint interim as class counsel:

   i.   the work counsel has done in identifying or investigating potential claims in the action;

      ii.       counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
      iii.     counsel's knowledge of the applicable law; and
      iv.     the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); 7B Charles Alan Wright, et al., Federal Practice and Procedure §1802.3 (3d ed. 2005). No single factor is determinative. *See id.* Rather, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B).

     In this matter, the Plaintiffs have shown that the Proposed Interim Class Counsel are best qualified to lead the consolidated litigation on behalf of the putative class. ECF No. 32-1. In this regard, the Plaintiffs assert that the Proposed Interim Counsel have taken significant steps to identify and investigate the Plaintiffs' claims and to advance this litigation. *Id.* In addition, the Plaintiffs argue that Proposed Interim Class Counsel have extensive experience with class actions and antitrust litigation, have sufficient knowledge of the applicable law, have the resources necessary to effectively prosecute the Plaintiffs' claims and have already expended significant time and resources investigating and pursuing the Plaintiffs' claims and will continue to do so. *See generally* ECF No. 32-1. Given this, the factors under Fed. R. Civ. P. 23 weigh in favor of appointing the Proposed Interim Class Counsel. Fed. R. Civ. P. 23(g)(1)(A).

     In light of the foregoing, the Court:

(1) **GRANTS** the Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel, pursuant to Fed. R. Civ. P. 23(g) (ECF No. 32); and

(2) **APPOINTS** the Plaintiffs' Interim Co-Lead Counsel and Interim Liaison Counsel as follows:

  1.    Interim Co-Lead Counsel:

| **Scott + Scott Attorneys at Law LLP** | **Hedin LLP** |
|---|---|
| Helmsley Building | 1395 Brickell Avenue |
| 230 Park Avenue, 24th Floor | Suite 610 |
| New York, NY 10169 | Miami, Florida 33131 |

    a.  Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Hedin LLP shall be responsible, either personally or by designee, for the overall conduct of the litigation on behalf of all Plaintiffs, including providing supervision of all

2

Plaintiffs' counsel in the litigation. As Interim Co-Lead Counsel for the Class, Scott+Scott and Hedin LLP have the authority to:

i. Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

ii. Prepare and file a consolidated amended complaint and any subsequent pleadings;

iii. Conduct all pretrial, trial, and post-trial proceedings on behalf of all Plaintiffs and act as spokesperson for all Plaintiffs;

iv. Conduct or coordinate discovery on behalf of all Plaintiffs consistent with the Federal Rules of Civil Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

v. Monitor activities of all Plaintiffs' counsel and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports in the form set forth by Interim Co-Lead Counsel;

vi. Make and collect assessments from some or all Plaintiffs' counsel for the purpose of paying the costs necessary to litigate the case;

vii. Negotiate with defense counsel with respect to settlement and other matters;

viii. Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by Plaintiffs;

ix. Consult with and retain expert witnesses for the Plaintiffs;

x. Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

xi. Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by Defendants and third parties (and

       production of documents by Plaintiffs), and implement advanced analytics for the efficient review of documents as appropriate;

   xii. Coordinate and communicate as necessary with counsel for other parties in the litigations regarding any matters addressed in this Order in order to ensure efficient use of Plaintiffs', Defendants', and the Court's time;

   xiii. Ensure that all Plaintiffs' counsel and Plaintiffs are kept informed of the progress of this litigation as necessary; and

   xiv. Otherwise coordinate the work of Plaintiffs' counsel, and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

b. No motion shall be initiated or filed on behalf of any Plaintiff except through Interim Co-Lead Counsel.

c. Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel for the Class, and such agreements shall be binding on all other Plaintiffs in their respective cases.

d. Interim Co-Lead Counsel are hereby designated as counsel for all Plaintiffs upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all Plaintiffs by serving Interim Co-Lead Counsel by electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead Counsel shall be responsible for maintaining a master service list of all parties and their respective counsel.

e. No communications between or among any of Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which Plaintiffs would otherwise be entitled.

2. **Interim Liaison Counsel:**

>    **Lerch, Early & Brewer, Chtd**.
>    7600 Wisconsin Avenue, Suite 700
>    Bethesda, MD 20814

   a. Plaintiffs' Interim Liaison Counsel shall have responsibility for acting as the main point of contact between the Plaintiffs and the Court for all administrative purposes, including scheduling hearings, conferences, as well as ensuring Plaintiffs' compliance with this Court's Local Rules.

**IT IS SO ORDERED.**

>    s/ Lydia Kay Griggsby
>    LYDIA KAY GRIGGSBY
>    United States District Judge