# Ex. 10



## UF HEALTH CORPORATION BOARD
## RESOLUTIONS

**Number: R-119**

**Subject: SHANDS TEACHING HOSPITAL AND CLINICS, INC. AMENDED AND RESTATED ARTICLES OF INCORPORATION AND AMENDED AND RESTATED BYLAWS**

**Date: September 26, 2024**

At a meeting duly held on the above date, the University of Florida Health Corporation ("Corporation") Board ("Board") and the Shands Teaching Hospital and Clinics, Inc. Board ("STHCI") (collectively "Boards") hereby approve and adopt the following resolutions:

**WHEREAS,** the University of Florida Board of Trustees approved on August 12, 2024 the Bylaws of the Corporation; and

**WHEREAS,** the University of Florida Board of Trustees also approved alignment of the local hospital boards' Articles of Incorporation and Bylaws, if warranted, to the Bylaws of the Corporation and the University of Florida Governance Standards; and

**WHEREAS,** the proposed Amended and Restated Articles of Incorporation and Bylaws of Shands Teaching Hospital and Clinics, Inc. have been presented for recommendation to the Corporation Board and STHCI Board for approval and attached hereto as Exhibits A and B; and

**NOW, THEREFORE, BE IT RESOLVED,** that the Boards have certain reserve powers as to the governance of STHCI, including but not limited to, the ability to amend the Articles of Incorporation and Bylaws of STHCI by a sufficient affirmative vote of the Directors of the Boards; and

**FURTHER RESOLVED,** that the Directors of the Boards have determined in the best interest of the collaborative relationship with the University of Florida Board of Trustees, to adopt the Amended and Restated Articles of Incorporation and Bylaws of STHCI; and

**FURTHER RESOLVED,** that the Boards, whose affirmative votes are recorded herewith, approve the Restated Articles of Incorporation and Bylaws of STHCI set forth in Exhibits A and B.

## CERTIFICATE OF SECRETARY

As custodian of the records of the UF Health Corporation Board and STHCI Board, I hereby certify that the foregoing is a true and correct copy of the resolutions adopted by the Boards on September 26, 2024.

Marsha D. Powers, Chair

Amy M. Hass, Secretary

2

## AMENDED AND RESTATED ARTICLES OF INCORPORATION OF SHANDS TEACHING HOSPITAL AND CLINICS, INC.

### ARTICLE I
### Name

The name of the corporation is SHANDS TEACHING HOSPITAL AND CLINICS, INC. (the "Corporation").

### ARTICLE II
### Perpetual Existence

The Corporation shall have perpetual existence.

### ARTICLE III
### Principal Office

The street address of the principal office of the Corporation is 1600 SW ARCHER ROAD, GAINESVILLE, FL 32610

### ARTICLE IV
### Purposes and Powers

The Corporation is organized as a not-for-profit corporation under Chapter 617, Florida Statutes, for the following purposes:

(a)     To primarily support the health affairs mission of the University of Florida Board of Trustees, including, but not limited to, providing health care services, health care education, and research for the benefit of Florida citizens in a manner consistent with Section 1004.41, Florida Statutes.

(b)     To govern and carry out the purposes of organizations, each of which is described in Sections 501(c)(3) and 509(a)(1) or 509(a)(2) of the Internal Revenue Code of 1986 or the corresponding provisions of any future United States Internal Revenue Law (the "Code"), that acquire, own, operate and maintain hospitals in Florida that provide for the care of persons suffering from illness and/or disabilities without regard to race, creed, color, sex, religious belief or national origin, and that furthers the promotion of health.

(c)     To serve as part of a system of not-for-profit organizations operated to further charitable purposes and to make contributions and expenditures in furtherance thereof.

(d)     To exercise all of the powers enumerated in Section 617.0302, Florida Statutes, as it now exists or is subsequently amended or superseded and to do and perform such acts and to have such powers as shall be desirable and necessary in furtherance of any of the powers herein above enumerated which are not in derogation of the laws of the State of Florida or the limitations in Article VI of these Amended and Restated Articles of

1

Incorporation.

The Corporation is organized exclusively for charitable, scientific or educational purposes within the meaning of Section 501(c)(3) of the Code, and carries out those objectives primarily in support of the health affairs mission of the University of Florida Board of Trustees, in a manner consistent with Section 1004.41, Florida Statutes. In addition, the Corporation shall be authorized to exercise the powers permitted not-for-profit corporations under Chapter 617, Florida Statutes; provided, however, that the Corporation in exercising any one or more of such powers shall do so in compliance with the provisions of Article V of these Amended and Restated Articles of Incorporation.

## ARTICLE V
## Limitation on Corporate Powers

1.     All of the assets and the earnings of the Corporation shall be used exclusively for charitable, scientific or educational purposes within the meaning of Section 50l(c)(3) of the Code.

2.     No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to, a private party, including directors or officers of the Corporation, except that the Corporation shall be empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth herein.

3.     No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation (except to the extent permitted pursuant to an election made under Section 501(h) of the Code), and the Corporation shall not participate in, or intervene in (including the publication or distribution of statements) any political campaign on behalf of, or in opposition to, any candidate for public office.

4.     The Corporation shall not carry on any activities not permitted to be carried on (a) by an organization exempt from taxation under Section 501(a) of the Code as an organization described in Section 501(c)(3) of the Code, or the corresponding provision of any future United States Internal Revenue Law, or (b) by a corporation, contributions to which are deductible under Section 170(c)(2) of the Code.

## ARTICLE VI
## Board of Directors

The Board of Directors of the Corporation shall be as described and determined by the Bylaws.

## ARTICLE VII
## Registered Office and Registered Agent

The registered office of the Corporation is located at 3007 SW WILLISTON ROAD, SUITE 1120, GAINESVILLE, FL 32608, and the registered agent at such office is Thomas William Young, whose acceptance of appointment as registered agent for the Corporation is set forth below.

## ARTICLE VIII
## Distribution Upon Dissolution or Liquidation

2

Upon the dissolution of the Corporation, the Corporation's board of directors shall, after paying or making provision for the payment of all liabilities of the Corporation, distribute all of the assets of the Corporation to University of Florida Board of Trustees to be used exclusively for public purposes.

Any such assets not so disposed of shall be disposed of by the Circuit Court in Alachua County, Florida, exclusively for such purposes or to such organization or organizations, as such Court shall determine, which are organized and operated exclusively for charitable, educational or scientific purposes, and which would then qualify as exempt from federal income taxation under Section 501(a) of the Code as organizations described in Section 501(c)(3) of the Code. No director, officer or private individual shall be entitled to share in the distribution of any corporate assets upon dissolution of the Corporation.

## ARTICLE IX
## Amendments

These Amended and Restated Articles of Incorporation may be amended only upon approval of the University of Florida Board of Trustees.

## ARTICLE X
## Adoption and Approval

The Amended and Restated Articles of Incorporation was adopted by the members and the number of votes cast for the Amendment was sufficient for approval.

## ARTICLE XI
## Effective Date

These Amended and Restated Articles of Incorporation shall be effective on September 26, 2024

The undersigned has executed these Amended and Restated Articles of Incorporation as of the 26 day of September 2024.

Name: Stephen J. Motew, MD, MHA, FACS
Title: President & System CEO, UF Health

3

# AMENDED AND RESTATED BYLAWS
## OF
# SHANDS TEACHING HOSPITAL AND CLINICS, INC.

1

# AMENDED AND RESTATED BYLAWS
## OF
## SHANDS TEACHING HOSPITAL AND CLINICS, INC.

### ARTICLE 1.  PURPOSES

Shands Teaching Hospital and Clinics, Inc. ("Shands" or the "Corporation") is organized exclusively for charitable purposes as a not-for-profit corporation within the meaning of Section 501(c)(3) of the Internal Revenue Code, as amended, and its activities shall be conducted for such purposes and in such a manner that no part of its net earnings shall inure to the benefit of any member, director, officer or individual. In addition, the Corporation shall be authorized to exercise the powers permitted not-for-profit corporations under Chapter 617, Florida Statutes; provided, however, that the Corporation in exercising any one or more powers shall do so in furtherance of the exempt purposes for which it has been organized as described in Section 501(c)(3) or any additions or amendments thereto, and in a manner consistent with the provisions of Florida Statutes, Section 1004.41, as amended, for the primary purpose of supporting the University of Florida Board of Trustees ("University" or "University Board of Trustees") health affairs mission of community service and patient care, education and training of health professionals, and clinical research.

### ARTICLE 2. DEFINED TERMS

Capitalized terms used in these Bylaws shall have the meanings ascribed to them herein.

### ARTICLE 3.  OFFICES

The principal office of the Corporation will be in Gainesville, Alachua County, Florida.

2

## ARTICLE 4. POWERS RESERVED TO THE BOARD OF TRUSTEES
## THE UNIVERSITY PRESIDENT OR UF HEALTH CORPORATION

The University, acting by and through the Board of Trustees, or by and through the University Board Chairperson and University President, or by and through the University of Florida Health Corporation Board ("UF Health"), as the case may be, has the exclusive power to: (a) approve an amendment, modification, revision or restatement to the Corporation's Articles of Incorporation and these Bylaws (as amended from time to time), (b) appoint and remove any Director of the Board, (c) approve any right with respect to the Corporation , including without limitation, governance, oversight and day-to-day operations, and (d) approve any material change in the mission or stated purpose of the Corporation; so long as such action is consistent with, and not in violation of, the University Governance Standards.

## ARTICLE 5. BOARD OF DIRECTORS

**Section 1.**    The Corporation shall be managed by or under the direction of its board of directors (the "Board of Directors" or "Board").  The Directors of the Board (the "Directors" and each a "Director"), at any given time, shall be those same individuals who are serving, at such given time, as Directors of the UF Health Board, unless otherwise determined by the University of Florida President pursuant to Section 1004.41, Florida Statutes.  The Board shall carry out the purposes of the Corporation in compliance with the Articles of Incorporation and these Bylaws.

**Section 2.**    The powers of the Corporation shall be vested in the Board, which shall have charge, control and management of the property, affairs and funds of the Corporation and shall have the power and authority to do and perform all acts and functions not inconsistent with these Bylaws or with the Articles of Incorporation.

3

**Section 3.**     No Director shall participate in Board consideration of or vote on any matter when that Director has a conflict of interest or a duality of interest in the matter under consideration, as determined by the Board. The manner in which the Board shall determine whether a conflict of interest or duality of interest exists shall be set forth in a policy adopted by the Board. That policy shall only be amended by action taken by the Board as otherwise provided in these Bylaws.

## ARTICLE 6. BOARD MEETINGS

**Section 1.     Calling Meetings.**

At least one annual meeting of the Board will be held at a place chosen by the Chairperson for the convenience of the Directors. The day, hour, and place of the meetings will be determined by the Chairperson.

**Section 2.     Special Meetings.**

Special meetings of the Board may be called by the Chairperson or three or more Directors.

**Section 3.     Quorum and Voting.**

A majority of Directors in office immediately before a meeting begins will constitute a quorum at any duly noticed meeting of the Board, and the vote of a majority of the voting Directors present in person at a meeting at which a quorum is present shall be the act of the Board, unless required by applicable law, statute, regulation, the University Governance Standards, the Corporation's Articles of Incorporation, or these Bylaws.  If less than a quorum is present at a meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice other than an announcement at the meeting, until a quorum shall be present.

4

**Section 4.        Meeting by Telephone and Video Conference.**

Directors of the Board or any committee members thereof may participate in a regular or special meeting by, or conduct the meeting using any means of communication by which all Directors participating may hear each other during the meeting. A Director participating in a meeting by this means is deemed to be present in person at the meeting.

**Section 5.        Presiding Officer.**

The Chairperson, or in his or her absence the Vice Chairperson, will preside at meetings of the Board.

**Section 6.        Minutes.**

Minutes of any Board meeting will be presented for approval at the next meeting of the Board.

**Section 7.        Proxies.**

Proxies, general or special, will not be accepted for any purpose in the meetings of the Board or Committees.

**Section 8**.        **Roll Call.**

At the beginning of any meeting, the Chairperson or Secretary will determine the presence or absence of a quorum. The roll will thereafter only be called upon the request of the University President or any Director, and after each roll call the presence or absence of a quorum will be announced.

**Section 9.        Notice.**

The Chairperson or Secretary shall provide notice of each meeting of the Board not fewer than three calendar days preceding the meeting.

**Section 10.    Waiver of Notice.**

Whenever any notice is required to be given under the provisions of the Florida Not for Profit Corporation Act or under the provisions of the Corporation's Articles of Incorporation or these Bylaws, a written waiver of the notice signed by the person or persons entitled to notice, whether before or after the time the notice was required, will be deemed equivalent to the giving of the notice.

**Section 11.    Meeting Attendance.**

All Directors are required to attend a majority of meetings of the Board held during a fiscal year. Attendance at a meeting of the Board may be in person, by telephone or by video conference.

## ARTICLE 7.  CORPORATION'S OFFICERS

**Section 1.  Shands Chief Executive Officer.**

Except as otherwise provided in, and consistent with, the University Governance Standards (which requires approval of the Board of Trustees Chair and the University President), the Board shall appoint the Shands CEO after consultation with the UF Health CEO.  The Shands CEO shall be responsible for the development and execution of the strategic goals of the Corporation.  The Shands CEO shall have the authority to approve expenditures subject to the thresholds established by the UF Health Board and the University Governance Standards, and shall be responsible for maintenance and management of the activities and personnel of the Corporation and will perform other duties assigned by the Board and the UF Health CEO, these Bylaws and any contractual arrangement between the Shands CEO and the Corporation, as the case may be.  The Shands CEO shall report to the Board and to the UF Health CEO.  Subject to the necessary approvals provided in, and consistent with, the University Governance Standards and any other delegated authorities,

the Board and UF Health CEO shall have the following authorities and responsibilities over the Shands CEO:

a.      Hiring and appointing as provided in this Section;

b.      Conducting the performance assessments;

c.      Assessing and determining compensation; and

d.      Removing the CEO consistent with the requirements provided in Section 4 below.

**Section 2. Other Officers.**

The officers of the Corporation shall consist of: a Chairperson of the Board, who shall be the President of the University or his or her designee and a Vice Chairperson of the Board, who shall be the Vice President for Health Affairs of the University. The Chairperson may appoint a Secretary, Treasurer, and other Officers, as appropriate, to perform those duties and to coordinate those areas of responsibility as may be assigned by the CEO. Such appointments shall require Board approval.

**Section 3. Resignation.**

An Officer may resign at any time by submitting a written resignation to the Chairperson. Such resignation shall not prejudice any contractual right such Officer may have under any employment, severance or other agreement by and between the Officer and the Corporation.

**Section 4. Removal.**

Any Officer may be removed, with or without cause, by the Board, after prior consultation with the UF Health CEO; provided, however, that any such removal shall be in accordance with, and not in breach of, and shall not prejudice any contractual right such Officer may have under any employment, severance or other agreement by and between the Officer and the Corporation. Subject to the University Governance Standards, the CEO may be removed for cause by the Board

7

of Trustees Chair and University President or with or without cause by the UF Health Board; provided, however, that any such removal shall be in accordance with the University Governance Standards, and not in breach of, and shall not prejudice any contractual right such Officer may have under any employment, severance or other agreement by and between the Officer and the Corporation.

**Section 5. Compensation.**

Reasonable compensation as determined by the Board, after consultation with the UF Health CEO, subject to the University Governance Standards and any Board of Directors Conflicts of Interest policies, as the case maybe, may be paid to Officers of the Corporation. In addition, Officers may receive other benefits associated with their employment, as determined by the UF Health Board or the UF Health CEO, as the case may be, and may be reimbursed for reasonable expenses incurred for travel, meals and lodging when traveling on corporate business.

## ARTICLE 8. COMMITTEES OF THE BOARD OF DIRECTORS

**Section 1. Appointment of Committees.**

The UF Health Board will establish an Executive Committee, Compensation and Talent Committee, Finance/Audit and Investment Committee, Quality and Reliability Committee, and the Governance Committee and may appoint such additional committees as it from time to time deems appropriate for the efficient operation of the Corporation. The Chairperson, after consultation with the Governance Committee, shall appoint such persons and assign such duties to the committees the Chairperson deems appropriate to accomplish the purpose of such committee, including a Chairperson for each Committee, with the following restrictions: all Committee Chairs must also be current Directors, the Executive Committee and the Compensation and Talent Committee shall only consist of Directors, and the other Committees will consist of a majority of Directors, but

8

may also include other University and Corporation employees or community members. Each Committee must have two (2) or more members who serve at the pleasure of the Board of Directors and members will serve for four (4) years, unless appointed for a different term. Notwithstanding the specific committee membership terms provided in this section, the Board may from time to time assign shorter or longer terms for members in order to maintain a staggered and orderly membership turnover.

**Section 2. Committee Actions.**

All actions of any committee or sub-committee purporting to bind the Corporation, except the Executive Committee and the approvals for credentialing and clinical privileging, will require approval or ratification by the Board or shall be deemed void *ab initio* and of no force or effect. Each Committee shall maintain written minutes of its meetings. A Committee or sub-committee that includes persons who are not Directors of the Board must have the presence of a majority of Directors of the Board to constitute a quorum at any meeting and the affirmative vote of a majority of the Committee or sub-committee members who are also Directors of the Board will be the act of such Committee or sub-committee.

**Section 3. Committee Removal.**

A Committee member may be removed from a committee for any reason by a majority vote of the Board, the UF Health Board, the Board of Trustees Chair or University President.

**Section 4. Executive Committee.**

The membership of the Executive Committee will include the UF Health CEO, Chairperson of the Board, and other Directors as determined by the Chairperson after consultation with the Board. Subject to the limitations contained in the Restated Articles of Incorporation and University Governance Standards, the Executive Committee shall have such powers and authority

9

as the Board may delegate to it, including, but not limited to the power to act on behalf of the Board.   The Executive Committee may consider matters that are within the scope of other committees, at the discretion of the, the Chairperson, UF Health CEO or the Board.   Minutes of all Executive Committee meetings shall be recorded and forwarded to the Board.

**Section 5.   Compensation and Talent Committee.**

The Compensation and Talent Committee shall review compensation.   The activities of the Compensation and Talent Committee shall include, but not be limited to:

    a.      Review of annual productivity goals, including methodology;

    b.      Review annual goal grading and payout plans;

    c.      Review and approve executive compensation; and

    d.      Executive succession planning.

**Section 6. Finance, Audit and Investment Committee.**

The Finance, Audit and Investment Committee plays an important financial and risk oversight role for the Board, directing finance, audit and risk management resources to obtain insights needed. Activities include but are not limited to financial review and oversight to the Board for a broad range of fiscal, business development and management issues and policies, including establishing and implementing an investment policy to enhance and protect corporate funds, recommending debt / capitalization, recommending the annual budget (capital and operating).

**Section 7.   Quality and Reliability Committee.**

The Quality and Reliability Committee shall ensure that safe, high-quality care is provided at all Corporation practice sites and facilities, and will serve to support clinical excellence in

general. The activities of the Quality and Reliability Committee shall include, but shall not be limited to:

a.      Developing, reviewing, and monitoring relevant quality and safety metrics from all practice sites and facilities;

b.      Approving annual quality targets and methodology; and

c.      Ensuring that quality and safety programs are coordinated effectively, in collaboration with the component units and their respective quality and safety efforts.

## ARTICLE 9.  MEDICAL STAFF

**Section 1.      Organization, Appointments and Hearings.**

The Board of Directors shall organize the physicians, dentists and other appropriate healthcare practitioners of the Corporation into a medical staff (the "Medical Staff"), which shall have Medical Staff Bylaws approved by the Board of Directors.  Except as otherwise required by these Bylaws, or by law or accreditation requirements, the UF Health Quality and Reliability Committee or a designated subcommittee shall consider recommendations of the Medical Staff and appoint to the Medical Staff the physicians, dentists and other healthcare practitioners who meet the qualifications for membership as set forth in the Medical Staff Bylaws, and grant clinical privileges as applicable. Each member of the Medical Staff shall have appropriate authority and responsibility for the care of patients, subject to such limitations as are contained in these Bylaws and in the Medical Staff Bylaws.

**Section 2.      Patient Care and Its Evaluation.**

a.      The Board of Directors shall, in the exercise of its overall responsibility, assign to the Medical Staff reasonable authority for insuring appropriate professional care to the Corporation's patients.

11

b.    The Medical Staff, through its Executive Committee, shall conduct an ongoing review and appraisal of the quality of professional care rendered in the Corporation's facilities and shall report such activities and their results to the Quality and Reliability Committee.

c.    The Executive Committee of the Medical Staff shall make recommendations to the Quality Committee concerning:

   i.   The mechanism used to review credentials and to delineate individual privileges.

   ii.  Approval of applications of individuals for Medical Staff membership.

   iii. Delineation of clinical privileges for each specialty or professional category.

   iv.  The participation of the Medical Staff in organization performance-improvement activities.

   v.   The mechanism by which Medical Staff membership may be terminated.

   vi.  The mechanism for fair-hearing procedures.

   vii. Such other specific matters as may properly come before it.

**Section 3.    Medical Staff Bylaws.**

The Medical Staff Bylaws shall set forth its organization and government. Proposed Bylaws must be adopted by the Medical Staff and approved by the Quality and Reliability Committee of the Board prior to becoming effective. Neither the Board of Directors nor the Medical Staff may unilaterally amend the Medical Staff Bylaws, except that nothing in this Section, or in the Medical Staff Bylaws and related documents, is intended to prevent the Board from exercising its full power and authority to make any decisions or take any actions necessary to assure compliance with its legal and fiduciary responsibilities.

**Section 4.    Administrative and Medico-Administrative Physicians.**

12

Physicians and dentists employed by the hospital in a purely administrative capacity and/or who are not, as a condition of employment, required to be members of the Medical Staff, shall be subject to the regular personnel policies of the Corporation, their contract (if any) or other terms of employment.

## ARTICLE 10.  COMMUNITY BOARD

The UF Health Board or this Board of Directors may establish a Community Board to further strengthen the Corporation's relationships with the Medical Staff, community leaders and local residents.  The Community Board shall provide local knowledge, critical thinking and analysis to aid and assist the decision making of the Board of Directors by gathering and reviewing relevant information and making recommendations to the UF Health Board, this Board of Directors and Board Committees to the extent permissible under these Bylaws and the law. The Board of Directors with input from the Community Board may adopt procedures which set forth the purpose, membership, duties and operations of the Community Board. The Community Board shall act solely in an advisory role and its creation shall not be deemed to grant any kind of decision-making or final approval right to the Community Board unless specifically delegated by UF Health Board or this Board of Directors.

## ARTICLE 11. MISCELLANEOUS PROVISIONS

**Section 1. Regulations.**

In addition to the provisions of the Corporation's Articles of Incorporation and these Bylaws, the Corporation shall at all times comply with applicable University and Board of Governors Regulations, and University Governance Standards (as defined above), and any amendments to any of the foregoing.

**Section 2. University President.**

13

The University President or a designee approved by the Board of Trustees Chair shall (i) monitor the use of the University's resources by the Corporation, (ii) monitor use of the University name by the Corporation, (iii) monitor compliance of the Corporation with federal and state laws, and (iv) approve any proposed contributions of funds or supplements by the Corporation to support the University.

**Section 3. Non-discrimination.**

Neither the Corporation nor any direct or indirect subsidiary of the Corporation, will discriminate based on race, creed, color, religion, sex, sexual orientation, age, marital status, national origin, disability, political opinions or affiliations and veteran status under the Vietnam Era Veterans' Readjustment Assistance Act.

**Section 4. Corporation Employees.**

No person employed by the Corporation will be considered to be an employee of the State of Florida or the University solely by virtue of his or her employment by the Corporation. Notwithstanding the above, any University employee providing services to or on behalf of the Corporation shall continue to be considered a University employee subject to terms of such employment.

**Section 5. Indemnification.**

a.    **Indemnification.** Subject to the limitations in Section 5(b), every Director and Officer of the Corporation (each, an "Indemnified Party") shall be entitled to be indemnified by the Corporation against all expenses and liabilities, including attorneys' fees, reasonably incurred by or imposed on such Indemnified Party in connection with any proceeding, including any appeal, or any settlement of any proceeding to which the Indemnified Party may be a party or in which he or she becomes involved as a result of

14

serving as a Director or Officer. The Indemnified Party does not have to be a Director or Officer at the time the expenses or liabilities are incurred or imposed. This indemnification is in addition to and not exclusive of all other rights to which an Indemnified Party may be entitled.

b.     **Exceptions and Limitations.** The indemnification set forth above does not apply in the case of an action by, or in the right of, the Corporation. A Director or Officer is entitled to indemnification only if he or she acted in good faith and in a manner he or she reasonably believed to be in, or not opposed to, the best interests of the Corporation and (where applicable) had no reasonable cause to believe his or her conduct was unlawful or contrary to the best interests of the Corporation.

**Section 6. Fiscal Year.**

The Corporation's fiscal year shall be July 1 - June 30.

**Section 7. Review of Mission.**

The University Board of Trustees shall periodically review the mission and activities of the Corporation to ensure it supports one or more of the purposes of the University.

**Section 8. Written Policies.**

The Corporation shall have written policies on ethics, conflicts of interest, personnel, discrimination and sexual harassment.

## ARTICLE 12. AMENDMENTS, ETC.

**Section 1. Amendments.**

Subject to, and not inconsistent with (i) the University Governance Standards, (ii) the Corporation's Articles of Incorporation, and (iii) the provisions of Article 4 hereof, these Bylaws

of the Corporation may be amended, modified, revised or restated by a majority vote of the Board

with the prior approval of the Board of Trustees Chair and the University President.

**Section 2. Fiscal Year.**

The fiscal year of the Corporation may be amended by the Board with approval of the

Board of Trustees Chair and University President.

**Section 3. Severability.**

The invalidity of any provisions of these Bylaws shall not affect the other provisions

hereof, and in such event these Bylaws will be construed in all respects as if such invalid provision

were omitted.

Adopted by the Board of Directors on: September 26, 2024.

Stephen J. Motew, MD, MHA, FACS
President & System CEO, UF Health

16